UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB GEORGE STERLING CABRERA,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Defendant.

No. 1:26-cv-08008-DAD-JDP

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On September 28, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner also filed a motion for temporary restraining order. (Doc. No. 2.)

On September 29, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it,

/////

respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 30, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) Therein, respondent concedes that petitioner is detained pursuant to 8 U.S.C. § 1226(a) but contends that he has been afforded all of the process due to him under that statute. (*Id.* at 2.) Respondent further argues that the court should require petitioner to exhaust his administrative remedies. (*Id.* at 2–3.) Further, respondent does not oppose the court deciding this case on the merits, and the court will do so.

Respondent state the following facts in their opposition. Petitioner entered the United States on December 6, 2018, with a nonimmigrant visa with permission to remain in the United States until June 5, 2019. (Doc. No. 6-1 at 2.) Petitioner did not depart and instead applied for asylum and withholding of removal on March 20, 2020. (*Id.*) United States Citizenship and Immigration Services ("USCIS") approved petitioner for work authorization on April 7, 2022 and December 31, 2024. (*Id.* at 3.)

Because it appears that petitioner entered the United States with a valid visa which he overstayed, and he was granted work authorization, the court incorporates its reasoning set forth in *Ostos Novoa v. Chestnut*, No. 1:26-cv-06447-DAD-SCR (HC), 2026 WL 2516721 (E.D. Cal. Aug. 25, 2026) and, pursuant to that reasoning, waives prudential exhaustion and concludes that petitioner obtained a liberty interest in his continued release during the years he remained out of custody after his visa expired. Accordingly, petitioner is entitled to his immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Bob George Sterling Cabrera, A-File No. 216-734-202, from respondent's custody;

    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which

hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve the California City Detention Facility with a copy of this order; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **October 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE